# Powell *v.* Commissioners' Court of Madison County.

## *Bill to Enjoin Issuance of Bonds.*

### (Decided Feb. 26, 1910.   51 South. 946.)

*Counties; Bonds; Refunding.*—Under section 157, Code 1907, counties have an additional means of discharging their bonded indebtedness without impairing the rights of bondholders, and therefore. bonds issued under the authority of Acts 1888-9, p. 577, may, after twenty years, be retired by the county commissioners by the issuance of bonds in their stead, after having been so directed by an election held in said county.

APPEAL before Madison Law and Equity Court.

Heard before Hon: TANCRED BETTS.

Bill by J. T. Powell against the Commissioners' Court of Madison County to enjoin the issuance of refunding bonds.   From a decree dismissing the bill complainants appeal.   Affirmed.


W. F. ESSLINGER, for appellant.   Counsel insist that under the Acts of 1888-9, p. 577, the Commissioners' Court was bound to make payment of the bond out of the revenues of said county as directed by section 11 of said act; that section 158 of the Code of 1907, has no

application, and hence, the refunding bond issue was without authority, but cites no authority in support thereof.

WALKER & SPRAGINS, for appellee. Counsel insist that section 158, et seq., Code 1907, furnish additional means of refunding county bonds, and that after election was held on that question, the commissioners' court properly determined to issue refunding bonds to take up the outstanding indebtedness.

SAYRE, J.—Under authority of the special act, approved February 25, 1889 (Acts 1888-89, p. 577), Madison county issued its negotiable bonds in the sum of $50,000 for the purchase or construction of macadamized roads. The act required that these bonds "be made payable at the expiration of thirty years from their date, or at the pleasure of the county at any time after twenty years from their date." Now, at the end of 20 years, an election has been held and provision has been made for the retirement of that issue by other bonds bearing a reduced rate of interest and payable at the end of 30 years. The bill seeks to enjoin the proposed issue, and the attack is grounded upon section 11 of the act of 1889, which we quote: "Said court of county commissioners for the first twenty years after the date of said bonds, shall annually, out of the revenue of said county, set apart a sufficient amount to pay the annual interest of said bonds as the same falls due and becomes payable, and they are further directed, at the expiration of twenty years from the date of said bonds annually thereafter to set apart and apply the moneys so collected to the extent of not less than a one-fifth part thereof to the payment first, of the said interest, and the surplus of said one-fifth to the payment and retir-

ing of said bonds, maturing in twenty and thirty years, until all of the said bonds maturing in twenty and thirty years are paid off and retired."

That the county may at this time, just as the provision for a sinking fund becomes operative, discharge and finally extinguish the debt evidenced by the outstanding bonds, is conceded, and it is difficult to see why this concession does not conclude the case. But the contention, in substance, is that the bonds may not be lawfully retired by the issue of other bonds whicn will extend the life of the indebtedness beyond the limit of 30 years from the date of original issue. The arrangement in controversy has been made in accordance with section 158 et seq. of the Code, to which these sections were brought forward from an act of February 26, 1903 (Gen. Acts 1903, p. 90). Section 158 provides: "The courts of county commissioners and boards of revenue in the several counties may order elections to be held in their respective counties for deciding whether or not the bonds of the county shall be issued for the purpose of constructing, or paying debts creaxea ror constructing public buildings, including schoolhouses and buildings, public roads, bridges, or such other purposes as are authorized by law." The language of the general statute makes no exception of debts for the final extinguishment of which some other provision is available. Manifestly, the general law affording an additional means of discharging the county's bonded indebtedness, and working no impairment of the rights of its bondholding creditors, the proposed method of retiring the bonds is to be justified thereby, unless some policy expressed by the provision of the prior special law requires a construction of the general statute which would take the indebtedness in question without the purview of the latter. The policy is the policy of all

sinking funds, a policy not affecting the rights of cred-
itors under the facts of this case, but only the welfare
of the people of the county. That policy was subject to
change at any time. The general statute evidences the
legislative will that the question here involved—includ-
ing the policy of the sinking fund—might be deter-
mined by the people of Madison county, and, having
been determined, we do not appreciate the legal neces-
sity of interference.

The decree of the chancellor dismissing the bill will
be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS. JJ.,
concur.

